# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIM LIPPART, | : | CIVIL NO. 1:CV-10-1499 |
|     Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, | : | |
|     Respondent | : | |

## MEMORANDUM

Jim Lippart ("Lippart"), is an inmate currently confined at the State Correctional Institution at Somerset, Pennsylvania, who originally filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania. (Doc. No. 1, Pet.) He was granted leave to proceed in forma pauperis by the Western District Court. On July 21, 2010, the matter was transferred to this Court on the basis of venue. (Doc. No. 3.) In the petition, Lippart raises issues related to his ongoing state criminal proceedings in the Court of Common Pleas of Schuylkill County, Pennsylvania. The petition has been given preliminary consideration and, for the reasons set forth below, the Court will dismiss this action without prejudice. See R. Governing § 2254 Cases R. 4.[1]

**I.  Background**

Lippart was arrested and charged in state court with various offenses including aggravated assault and assault by prisoner. His case has not yet gone to trial. An electronic

---

[1] Rule 4 of the Rules Governing § 2254 Habeas Corpus Cases provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

search of Pennsylvania's Unified Judicial System webportal confirms that Lippart's case is still proceeding before the Schuylkill County Court of Common Pleas.[2]  See Commonwealth v. Lippart, CP-54-CR-0001895-2009.  According to the docket in Lippart's criminal case, an order was entered appointing standby counsel to represent him on May 28, 2010.  Several continuances have been granted, and discovery is currently taking place in the case.  Lippart remains in custody on the pending state court charges.  In the instant petition, Lippart challenges the failure of the District Attorney for Schuylkill County to provide him with discovery related to his criminal case, including forensic laboratory reports.  He appears to claim that his release from custody is warranted in that he has been requesting discovery, but has not received it.  He claims that his trial will most likely occur in August or September.  (Doc. 1, Pet. at 1-2.)

**II.    Discussion**

Generally, federal courts must adjudicate all cases and controversies that are properly before them.  New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989).  Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue."  Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982).  In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding."  Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005)(discussing Younger, 401 U.S. 37 (1971)).  The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings."  Younger, 401 U.S. at 43.  Absent

---

[2] The website can be found at http://ujsportal.pacourts.us.

extraordinary circumstances,[3] Younger abstention will apply when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010)(citing Addiction Specialists, Inc. v. Twp. Of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)).

It is well recognized that "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). In the instant case, there is no question that Lippart's claims regarding his ongoing Schuylkill County criminal proceedings satisfy the requirements of abstention. It is appropriate for this Court to abstain from entertaining the petition, as abstention is required "based on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Id. As such, the petition will be dismissed without prejudice. Further, the Court finds there is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 1153(c). An appropriate order follows.

---

[3] Even when all requirements are met, Younger abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute...." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions have been narrowly construed. See Loftus v. Township of Lawrence Park, 764 F.Supp. 354, 357 (W.D. Pa. 1991). Lippart has failed to show he falls within any of these exceptions to the Younger doctrine. The trial court has appointed standby counsel for Lippart, and the docket in his criminal case reveals that motions were just recently filed by Lippart on July 7, 2010, seeking the trial court's assistance in obtaining discovery from the prosecution. As such, it is clear Lippart's concern with respect to obtaining discovery is before the trial court for decision at this time.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIM LIPPART, | : | CIVIL NO. 1:CV-10-1499 |
|     Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
|     Respondent | : | |

## O R D E R

**AND NOW,** this 9th day of August, 2010, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Petition for Writ of Habeas Corpus is **dismissed without prejudice**.

2. There is no basis for the issuance of a Certificate of Appealability.

3. The Clerk of Court is directed to **close this case**.

                                                S/ Yvette Kane
                                                YVETTE KANE, Chief Judge
                                                Middle District of Pennsylvania